IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-868-WDM-MJW

ZACHARIAH GARCIA,

    Petitioner,

v.

JOSEPH ORTIZ, *et al.*,

    Respondents.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael J. Watanabe, issued March 23, 2005, that Petitioner Zachariah Garcia's (Garcia) Application for a Writ of *Habeas Corpus* be denied. Garcia has filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed the record in this case, including the application (Docket No. 3), the response (Docket No. 10), the reply (Docket No. 12), and recommendation (Docket No. 28). For the reasons stated below, I conclude that the recommendation should be accepted and the application denied.

Background

Garcia's claims center around a state court jury verdict that found him guilty of escape. In August of 1998, Garcia was discharged from the Colorado Department of Corrections after serving a two and one-half year sentence for possession of a

controlled substance and attempted escape.  Upon discharge, he was placed on mandatory parole for two years.  After Garcia violated the express terms of his parole, he was charged with felony escape and convicted by a jury.  He was sentenced to five years imprisonment consecutive to the sentence he was already serving, followed by five years of mandatory parole.  After exhausting his state court appeals, Garcia filed an Application for a Writ of Habeas Corpus with this Court.

In his application, Garcia claims: (1) he was improperly convicted of escape because he had already served his full prison sentence; (2) Colo. Rev. Stat. § 18-1-105 violates due process because it does not give fair notice of prohibited conduct; (3) Colorado's Intensive Supervision Program (ISP) violates non-delegation and separation of powers doctrines; (4) his equal protection rights were violated when he was put on ISP, while similarly situated parolees were not; (5) his conviction for escape put him in double jeopardy when the same conduct served as the basis for his escape conviction and his parole revocation; (6) he was denied his right to counsel because the trial court refused to substitute counsel, leaving him no viable option but to represent himself.

### Standard of Review

When timely objections to a magistrate's recommendation are made, a district court must provide *de novo* review for only those issues raised by specific written objections.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b) ("The district judge . . . shall make a *de novo* determination . . . of *any portion* of the magistrate judge's disposition to which *specific* written objection has been made . . . .") (emphasis added); *United*

*States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (finding general, non-specific objections insufficient to warrant *de novo* review). Issues not specifically objected to in writing may be reviewed by any standard the Court deems appropriate. *See Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991).

Moreover, 28 U.S.C. § 2254 strictly limits the situations where a federal court may grant *habeas* relief. Section 2254(d)(1), requires that if a claim was adjudicated on the merits in state court proceedings, relief is appropriate "only if the relevant state-court decision was either 'contrary to' or 'an unreasonable application of' established Supreme Court precedent." *Thomas v. Gibson*, 218 F.3d 1213, 1219 (10th Cir. 2000) (*quoting Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). Similarly, although section 2254(d)(2) allows for *habeas* relief if the state court decision "was based on an unreasonable determination of the facts," state court findings of fact are protected by a presumption of correctness that can only be rebutted by clear and convincing evidence. § 2254(e)(1).

### Discussion

In this case, Garcia specifically objects to only claims one and six, and thus is entitled to *de novo* review on those issues alone.[1] In his first claim, Garcia argues that he was improperly convicted of escape because he had already served his full

---

[1] Garcia specifically declines to object regarding claims four and five. (Objection at 3) Although he doesn't do this for claims two and three, Garcia's mentions these claims only in one long sentence when he is merely listing his claims. *Id.* This is insufficient to warrant *de novo* review. *2121 E. 30th St.*, 73 F.3d at 1060.

prison sentence.  Magistrate Judge Watanabe found that this claim failed to raise a federal question, and I agree.  Garcia merely argues that the Colorado courts misinterpreted Colo. Rev. Stat. §§ 17-27.5-104 & 106.   However, it is not the province of this Court to re-examine a state court's interpretation of its own laws.  *Rose v. Hodges*, 423 U.S. 19, 21-23 (1975).

In his sixth claim, Garcia argues that he was denied his right to assistance of counsel because the trial court refused to substitute counsel, leaving him no viable option but to represent himself.  Magistrate Judge Watanabe found this claim to lack merit, and I agree.  The Colorado courts found that Garcia's dispute with his public defender was essentially a disagreement over strategy.  I must accept this finding, as Garcia has failed to demonstrate by clear and convincing evidence that it is incorrect.  28 U.S.C. §§ 2254(d)(2) & (e)(1).  And, a mere disagreement over strategy does not entitle a defendant to the appointment of new counsel.  *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney."); *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987) (same).  Therefore, Garcia has failed to show that the trial court's refusal to appoint private counsel was "'contrary to' or 'an unreasonable application of' established Supreme Court  precedent." *Thomas*, 218 F.3d at 1219.

Finally, although Garcia did not specifically object to claims two through five, I have reviewed the issues and find that for substantially the same reasons stated by

Magistrate Judge Watanabe, these claims are insufficient to warrant *habeas* relief.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Watanabe on March 23, 2005 (Docket No. 28), is accepted.

2. Plaintiff's Application for a Writ of *Habeas Corpus* (Docket No. 3) is denied.

DATED at Denver, Colorado, on October 26, 2005.

                                        BY THE COURT:

                                        /s/ Walker D. Miller
                                        United States District Judge